**Janie H. JONES; Sharlie Hoehn, Plaintiffs–Appellants,**

**v.**

**SKF USA, INC., Defendant–Appellee.**

No. 02–5394.

United States Court of Appeals, Sixth Circuit.

Oct. 9, 2003.

BEFORE: KEITH, COLE, and COOK, Circuit Judges.

## OPINION

COOK, Circuit Judge.

Plaintiffs–Appellants ask this court to decide that the district court erred by granting summary judgment to their former employer, SKF USA, Inc., ("SKF") on their gender and age discrimination claims. According to them, SKF used illegal factors in deciding which employees to retain when selling a division of the company. Plaintiffs thus contend that genuine issues of material fact ought to have prevented summary judgment for SKF. For the reasons that follow, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Janie Jones Johns and Sharlie Hoehn worked in the taper-roller-bearing division of SKF before the sale of that division to Roller Bearing Corporation ("RBC"). One of the terms of the sale granted RBC preference in hiring SKF employees of the purchased division to stay with it under its new ownership. RBC chose Johns but not Hoehn to work for its newly-acquired operation; SKF did not find work for Hoehn in another of its existing divisions so she was let go. Johns and Hoehn both complain of discrimination by SKF.

Johns and Hoehn allege that age and gender discrimination forbidden by the Kentucky Civil Rights Act caused SKF not to retain them following the sale of the taper-roller-bearing division. In granting summary judgment for SKF on all claims, the district court held that, even assuming Johns demonstrated a prima facie case for age and gender discrimination and Hoehn a prima facie case for age discrimination, SKF met its burden of showing a legitimate, nondiscriminatory reason for their terminations. The court went on, tracking the familiar burden-shifting analysis of federal discrimination cases, to conclude that plaintiffs failed to respond to RBC's nondiscriminatory reason with evidence that SKF's reason was pretextual. As for Hoehn's gender discrimination claim, it was her patent inability to demonstrate a prima facie case-depositions showed that she targeted another female as having replaced her-that backed summary judgment for SKF.

## II. STANDARD OF REVIEW

This court reviews *de novo* the district court's grant of summary judgment and should affirm the decision " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000) (quoting FED. R. CIV. P. 56(c)).

## III. JANIE JOHNS

Janie Johns claims that a genuine issue of material fact as to whether her age or gender motivated SKF's decision not to absorb her into another division prevents summary judgment here. To support her gender discrimination claim, Johns pointed to SKF's retention of a less

qualified male from her department instead of her. For her age claim, Johns relied on her personal assessment that proximity-to-retirement steered SKF's choices regarding retention; that is, mostly the more senior employees were "transferred" to RBC's employ or discharged.

Because SKF defends by saying that even if Johns can show the elements of a prima facie case, its sale of the division is a legitimate, nondiscriminatory reason for terminating her, we analyze her claims as the district court did, by assuming that she could show a prima facie case under the familiar test established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). With this approach, we narrow the summary judgment issue to whether there was a sale that eliminated Johns's position and if so, whether Johns raised a genuine issue of material fact tending to show that SKF's claimed legitimate reason for terminating her–the sale to RBC–was not the true reason, but a pretext for discrimination.

SKF officials averred that the terms of the sale agreement allowed RBC to select from among the division's existing SKF employees those it wished to employ in its new operation, and reciprocally, SKF would violate the agreement by retaining any employee that RBC had selected. When RBC opted to employ Johns, SKF merely abided by its agreement not to thwart RBC's efforts to staff its newly-acquired business with seasoned employees.

Johns discounts this proffered evidence with only her personal doubt about its truth; she offered no evidence either to refute SKF's claimed legitimate, business reason for its employment decision, or to show it to be a pretext for gender or age discrimination. Johns's rebuttal evidence focused on her view that only poor performance of her duties could suffice as a

legitimate reason for displacing her. But this court upholds business restructuring as a legitimate reason for terminating an employee, irrespective of the terminated employee's performance. *Scott v. Goodyear Tire & Rubber Co.,* 160 F.3d 1121, 1129 (6th Cir.1998). Accordingly, because Johns did not raise a genuine issue of material fact tending to undermine the sale to RBC as the true reason for her termination, we uphold summary judgment for SKF on her claims.

## IV. SHARLIE HOEHN

■ Sharlie Hoehn claims gender and age discrimination by SKF in terminating her rather than absorbing her into the general SKF accounting department after the sale of the division.

### A. Gender discrimination

Inability to demonstrate a prima facie case defeats Hoehn's gender discrimination claim. She alleges that SKF retained another female employee instead of her in the accounting department. Thus, in the absence of a claim of an employment decision disfavoring her on the basis of her gender, the district court properly granted summary judgment to SKF on this claim. Though Hoehn claims that SKF passed her over for various promotions in favor of males over the years, we disregard those claims, as did the district court, as being filed beyond the applicable five-year Kentucky limitations period.

### B. Age discrimination

■ Unlike her gender discrimination claim, Hoehn properly pleaded age discrimination. And as with our consideration of Johns's claim, we bypass analyzing Hoehn's purported prima facie case because, even assuming a sufficient showing, her age claim, like Johns's, fails on the inability to show that SKF's legitimate,

nondiscriminatory business reason for her termination served as a pretext to mask SKF's illegal, discriminatory motive.

SKF maintains that it terminated Hoehn because it eliminated her position and re-distributed her duties among those employees remaining in SKF's accounting department. Hoehn counters, as she must under the burden-shifting scheme, that SKF's articulated legitimate business reason–job elimination–has no basis in fact. By pointing to task assignments and her training of Margaret Shirley, Hoehn argues that SKF did not eliminate her job–Margaret Shirley, a younger person, replaced her.

SKF officials' affidavits confirm that Shirley indeed assumed some of Hoehn's duties, but SKF's affidavit goes on to say that it distributed the rest of Hoehn's tasks among various accounting employees. SKF buttresses its showing with the fact that after the sale, it increased Shirley's duties with functions that Hoehn did not perform in the months before the sale. Hoehn, in turn, then failed to produce contesting evidence to meet the SKF showing that Shirley did not *replace* Hoehn; SKF eliminated Hoehn's job.

Finally, Hoehn complains of discrimination in RBC's selection of a younger SKF employee as its accounts payable clerk. Hoehn misdirects this claim since SKF bears no responsibility for employment decisions of RBC–she does not tie the RBC selection to some discriminatory action by SKF. As explained, RBC opted under the sale agreement to employ selected SKF employees in its newly purchased division. SKF complied with the agreement by not offering SKF jobs to those workers RBC selected for its operations. Given that this claim targets no employment decision by SKF regarding Hoehn, we find summary judgment properly granted.

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.